BASKIN, Judge.
Ronnie Fields, as personal representative of the Estate of Sidney I. Fields, appeals a final judgment of the probate court requiring that $125,000 in municipal bearer bonds be added to the inventory of the estate. We reverse.
In his will Sidney Fields bequeathed $100,000 to his daughter, Sandra Fields. Sandra Fields filed a motion to compel the personal representative to add the bearer bonds to the inventory of the estate to satisfy her bequest. Sandra Fields argued that the bearer bonds, purchased through a brokerage account opened in her father’s name prior to the marriage, were her father’s assets and part of his estate. The personal representative asserted that the bearer bonds should not be added to the estate’s inventory because they were purchased with monies deposited by Sidney Fields and his wife in a joint savings account opened after their marriage and were kept in the couple’s joint safe deposit box. Each spouse had signed the lease to the safe deposit box, had a key, and had complete access to the box. The court granted Sandra Field's motion. The personal representative appealed.
The trial court erred in determining that the bearer bonds were owned solely by Sidney Fields and therefore went into his estate upon his death. The bearer bonds, purchased with joint funds and maintained in the couple’s joint safe deposit box, passed to the wife upon the husband’s death. The bearer bonds were held by the spouses as tenants by the entirety; ownership vested in the wife as the survivor. Winterton v. Kaufmann, 504 So.2d 439 (Fla. 3d DCA), review denied, 515 So.2d 231 (Fla.1987). Even if the tenancy by the entirety did not exist, the bonds passed to the wife, along with the contents of the safe deposit box, as a gift inter vivos. Winterton.
Reversed.